THE AMERICAN TRADING COMPANY, RESPONDENT, *v.* QUEVEDO, APPELLANT.

APPEAL from the District Court of Mayagüez.

No. 979.—Decided June 28, 1913.

FORECLOSURE PROCEEDINGS—MORTGAGE—PROMISSORY NOTES—AUCTION SALE—DISTRIBUTION OF PROCEEDS OF SALE—MUTUAL RIGHTS OF HOLDERS OF NOTES.—The plaintiff company, being the owner of promissory note No. 3 of a series of promissory notes secured by a single mortgage, instituted summary foreclosure proceedings to recover on said note, and as no bidders appeared at the auction sale all the remaining properties covered by the mortgage were adjudicated to said company in part payment of said note. When promissory note No. 9 became due the defendant who was the owner thereof brought summary foreclosure proceedings for its collection against the American Trading Company. During the pendency of said proceedings the said company began an action to annul said foreclosure proceedings and to cancel in the registry the mortgage which secured the notes following note No. 3. *It was held:*

1. That the American Trading Company had no right to ask for the cancellation of the mortgage in question, because in acquiring the mortgaged property it had not followed the law and had not regarded the mutual rights of the owners of the other notes.

2. That Inocencia Quevedo Castellano mistook her right of action in bringing the summary foreclosure proceedings, for her cause of action was against the American Trading Company for a proportional distribution of the proceeds of the sale.

The facts are stated in the opinion.

*Mr. José Benet* for appellant. .

*Mr. Edward S. Paine* for respondent.

Mr. JUSTICE WOLF delivered the opinion of the court.

The American Trading Company acquired promissory note No. 3 of a concurrent series of notes secured by mortgage. The previous notes had been paid and as note No. 3 was not paid at maturity, The American Trading Company availed itself of the summary proceedings of the Mortgage Law, and when no bidders appeared at the auction sale the whole remaining property covered by the mortgage was adjudicated to The American Trading Company for the sum of $4,830 in partial payment of its debt. The facts more fully appear in our discussion in the opinion rendered in case No. 840, *The American Trading Company* v. *Monserrat, ante* p. 929.

At the time when The American Trading Company began its summary proceeding there were other unpaid notes secured by the same mortgage, but none of them was due. These notes have been the fruitful cause of litigation, namely, *The American Trading Company* v. *Sepúlveda, District Judge,* 18 P. R. R., 349; *The American Trading Company* v. *Sepúlveda, District Judge,* 18 P. R. R., 829; *Quevedo* v. *The American Trading Company et al.,* 15 P. R. R., 447; *The American Trading Company* v. *Monserrat,* 18 P. R. R., 268; *Quevedo* v. *The American Trading Company et al.,* 18 P. R. R., 918; *The American Trading Company* v. *Quevedo,* 18 P. R. R., 504, nearly all of them being extraordinary proceedings wrongly begun and no clear opportunity being given in any of them to decide the essential nature of the mortgage involved.

The predecessor in title of the appellant was the owner of note No. 9 and before the maturity of such note brought a suit, No. 1767, against The American Trading Company to subject the latter in due time to the payment of said note No. 9 inasmuch as the said American Trading Company had, by reason of the adjudication aforesaid, come into the ownership of the remaining property covered by the said mortgage. That suit No. 1767 was brought in the District Court of Maya-

güez and the result of it was a judgment against the complainant in such suit, which was affirmed on appeal because of defects in the transcript.

After note No. 9 matured Inocencia Quevedo Castellano, the appellant, claiming to be the owner of the same, brought a summary proceeding in the District Court of Mayagüez, No. 3238, against The American Trading Company. During the pendency of that summary proceeding the present suit No. 3490 was filed in the District Court of Mayagüez by The American Trading Company against Inocencia Quevedo Castellano.

The object of the complaint filed in the court below in suit No. 3490 was to annul the mortgage proceedings and complainant assigned as grounds the invalidity of one of the endorsements of note No. 9; that the note No. 9, by reason of the proceedings under note No. 3, had become a mere personal obligation and that The American Trading Company acquired the property free of the claims of the appellant. A petition of the complaint was that the mortgage covering the notes aforesaid be canceled in the registry of property, asking also the annulment of the mortgage proceeding begun in No. 3238. On November 25, 1912, the court rendered judgment substantially granting all the prayers of the complaint.

We have seen in case No. 840, *The American Trading Company* v. *Monserrat, ante* p. 929, that The American Trading Company had no right to ask the cancellation, inasmuch as in its acquisition of the property in question it had not followed the law and had not regarded the mutual rights of the owners of the other notes who still have some remaining mortgage rights.

Inocencia Quevedo Castellano, however, in beginning the summary mortgage proceeding mistook her right of action. Her claim was an action against The American Trading Company for a proportional distribution of the proceeds of the sale. *The American Trading Company* v. *Monserrat, ante* p. 929; *Lovell* v. *Cragin,* 136 U. S., 130.

We are inclined to think that Inocencia Quevedo Castellano was not prevented from prosecuting her cause of action on the ground of *res adjudicata,* but the question becomes unimportant as neither action heretofore begun by her in regard to note No. 9 would properly lie, the right action of the real owner of that note being different.

The judgment must be reversed in so far as it orders the cancellation of the mortgage in the registry and affirmed in so far as it declares the nullity of the summary mortgage proceeding begun by Inocencia Quevedo Castellano against The American Trading Company, No. 3238.

> *Reversed as regards cancellation of mortgage and affirmed as to annulment of foreclosure proceedings.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.